MANDEL v. HOPKINS et al.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

VENDOR AND PURCHASER (§ 112*)—RESCISSION BY PURCHASER—DELAY.

A purchaser was entitled to rescind a contract for the purchase of real property, where proceedings to sell an infant's interest therein were not completed in time to enable the vendors to tender the guardian's deed on the law day.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 307–340; Dec. Dig. § 112.*]

Appeal from Trial Term, New York County.

Action by Adolph Mandel against David Hopkins and others, as executors. From a judgment dismissing the complaint at the close of plaintiff's case and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Maxwell S. Harris, of New York City, for appellant.

Leander B. Faber, of Jamaica, for respondents.

PER CURIAM. The failure to complete the proceedings to sell the infant's interest in time to enable the vendors to tender the guardian's deed on the law day was alone sufficient justification for appellant's rescission of the contract. Furthermore, the testimony concerning the simultaneous deeds from John Sprowell to James Sprowell and from James to John, and the absence of conveyance from either, and, as well, the testimony concerning the right of way reserved in the Bergen deed, was sufficient prima facie to justify the appellant in rejecting the title.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.